UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**EDWINA ARLETHIA BURNETT,**

        Petitioner,

v.                                                           Civil Action No. 2:05cv682
                                                             Criminal Action No. 2:04cr124

**UNITED STATES OF AMERICA,**

        Respondent.

## ORDER AND OPINION

Currently before the court is Edwina Arlethia Burnett's "Motion to Amend, Correct or Reduce Sentence Pursuant to 28 U.S.C. 2255." The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues, pursuant to Blakely v. Washington, 542 U.S. 296 (2004),[1] that her sentence was unconstitutionally enhanced based on conduct that was not found by a jury beyond a reasonable doubt nor admitted by the petitioner. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons set forth below, the petition is **DENIED**.

### I. Factual and Procedural Background

On July 14, 2004, petitioner plead guilty to a one count criminal information charging her with Bank Fraud, in violation of Title 18, United States Code, Section 1344. On November 29, 2004,

---

[1] The petition does not reference the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). However, this court assumes the petitioner intends to invoke Booker, instead of Blakely, because Booker addresses the federal sentencing guidelines.

this court sentenced petitioner to 28 months of imprisonment and five years supervised release following her release from confinement. As part of her plea agreement, petitioner agreed not to appeal any sentence lawfully imposed, so long as it was within the maximum sentence for the offense. Accordingly, petitioner did not appeal her sentence. On November 25, 2005, petitioner filed the instant petition to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Because this matter is one that can be addressed without the assistance of the United States, this court has not ordered the United States to respond. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b).

## II. Standard of Review

A petitioner collaterally attacking her sentence or conviction bears the burden of proving that her sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A collateral attack under section 2255 is far more limited than an appeal. The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. A collateral challenge is not intended to serve the same functions as an appeal. United States v. Frady, 456 U.S. 152, 165 (1981).

There are two instances, however, when a procedurally defaulted claim may be considered on collateral review. The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error. Id. at 167. See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). The petitioner must demonstrate "that the error worked to h[er] 'actual and substantial disadvantage,' not merely that the

2

error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Alternatively, if a petitioner can demonstrate that she is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted. See Schlup v. Delo, 513 U.S. 298, 321 (1995).

### III. Discussion

Petitioner's sole argument is that her sentence was unconstitutionally enhanced in violation of the Sixth Amendment based on conduct that was not found by a jury beyond a reasonable doubt nor admitted by the petitioner. In support of her argument, petitioner points to the Supreme Court's decision in Blakely v. Washington, 540 U.S. 965 (2004).

In Blakely, the Supreme Court extended its ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that a judge may not increase a sentence above the statutory maximum unless that sentence is based on the factual findings of the jury or the admissions of the defendant. 566 U.S. at 483. The Court in Blakely reasoned that, for the purposes of Apprendi, the statutory maximum is not the maximum possible sentence for a crime, but only the maximum sentence that could be imposed based on the factors that were determined beyond a reasonable doubt by a jury or admitted by the defendant. Blakely, 542 U.S. at 303.

The Court in Blakely addressed the sentencing guidelines used by the state of Washington, and specifically declined to address whether its holding applied to the federal sentencing guidelines. Id. at 305 n.9. The Court subsequently, in Booker, applied the holding of Blakely to the federal sentencing guidelines, determining that the mandatory nature of the guidelines violated the Sixth Amendment for the reasons stated in Blakely, but that Congress would have preferred an advisory

3

guideline scheme to none at all. Booker, 125 S.Ct. at 745, 756. Thus, it is the Booker decision, as opposed to Blakely or Apprendi, that is applicable to the petitioner's sentence under the federal sentencing guidelines.

Because the petitioner is attacking her final sentence, the court must determine if the rule announced in Booker may retroactively apply to the petitioner. Retroactivity comes into play where a criminal defendant has been found guilty and her conviction has become final prior to the announcement of the new rule. See Lilly v. United States, 342 F. Supp. 2d 532, 535 (W.D. Va. 2004). A conviction is final if "'the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari ha[s] elapsed.'" Teague v. Lane, 489 U.S. 288, 295 (1989) (quoting Allen v. Hardy, 478 U.S. at 258 n.1 (1986)).

The petitioner's conviction clearly became final prior to the decision in Booker, and therefore she must show that the Supreme Court decision she wishes to take advantage of announced a new rule and that the new rule is retroactive. See id. at 308. However, in United States v. Morris, 429 F.3d 65 (4th Cir. 2005), the Fourth Circuit held that, although Booker announced a new rule, it is not retroactive on collateral review. See also United States v. Gentry, 2005 No. 04-11221, U.S. App. LEXIS 26883, at *1 (5th Cir. December 8, 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. 2005). Hence, the petitioner's reliance upon the rule outlined in Booker is misplaced. Booker is not retroactively applicable to the

petitioner's sentence, and therefore her claim of unconstitutional enhancement of her sentence is **DENIED**.

### IV. Conclusion

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The petitioner is **ADVISED** that she may appeal this denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

January 31st, 2006
Norfolk, Virginia